■ In the Matter of ALFRED J. VENT et al., Appellants, v CHARLES W. BATES, Individually and as Westchester County Commissioner of Social Services, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the Westchester County Commissioner of Social Services to supply petitioners with certain documents in accordance with the Freedom of Information Law, petitioners appeal from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated January 14, 1982, which denied the petition, without prejudice to the commencement of an appropriate proceeding against the Westchester County Records Access Appeals Officer. Judgment reversed, on the law, without costs or disbursements, and petition granted. Respondent's time to supply the documents is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Petitioners Vent and Dr. Yapalater are the administrator and director, respectively, of a methadone maintenance program in Westchester County. On November 13, 1981 they made a written request to the Records Access Officer of the Westchester County Department of Social Services, seeking copies of a check allegedly made out to Yapalater in the amount of $57,000, and the computer printout for that check, which would list the names of the medical assistance recipients who paid for Yapalater's services with their Medicaid cards and the dates on which they were treated. The check is the subject of an action between Yapalater alone and, *inter alia,* respondent, in which a motion by Yapalater for its discovery was denied. The request for copies in the instant proceeding was made pursuant to the Freedom of Information Law (Public Officers Law, § 84

et seq.). In their written request, petitioners stated that they would "appeal" a denial of their request pursuant to subdivision 4 of section 89 of the Public Officers Law. In a letter dated November 20, 1981, the records access officer denied the request. In so doing, she did not rely on any grounds listed in subdivision 2 of section 87 of the Public Officers Law, which notes the exceptions to the statute's general policy of allowing access to "all records". The letter stated only that the discovery motion had been denied by Special Term. By letter of the same date, petitioners attempted to appeal this decision by submitting it to respondent in accordance with section 89 (subd 4, par [a]) which, as it read at that time, provided, in part: "Any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity,.or the person therefor designated by such head, chief executive, or governing body, who shall within seven business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought." Petitioners also sent a letter to the records access officer which both acknowledged the denial and referred the appeal to respondent. A copy of this letter was sent to respondent himself, and to the County Attorney. When petitioners did not receive from respondent either permission to have access to the records or reasons for the denial of access, this action was commenced pursuant to section 89 (subd 4, par [b]) of the Public Officers Law. Special Term dismissed the petition without prejudice to the commencement of an action against the records access appeals officer, who is the County Attorney. The petition should not have been dismissed. By presenting their appeal to the "head" of the agency, petitioners did all that they were required to do under section 89 (subd 4, par [a]). They were also entitled to the items sought, as all records are to be made available unless they are covered by one of the specifically defined exceptions listed in subdivision 2 of section 87 of the Public Officers Law (see Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580; Matter of Fink v Lefkowitz, 47 NY2d 567; see, also, Matter of Dunlea v Goldmark, 54 AD2d 446). Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.